## JIM JONES v. STATE.

No. A-7920. Opinion Filed May 2, 1931.
(298 Pac. 1053.)

R. R. Rittenhouse, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. This is a purported appeal from the county court of Lincoln county from a judgment rendered on January 11, 1930, convicting the plaintiff in error of the offense of having possession of intoxicating liquor and sentencing him to pay a fine of $200, and to be imprisoned in the county jail for 60 days.

The petition in error and case-made were not filed in this court until the 3d day of July, 1930, 173 days after the rendition of the judgment in the lower court. This being a conviction for a misdemeanor, the longest period allowed by the statute for perfecting an appeal from the judgment is 120 days after the rendition thereof. The Attorney General appeared specially and filed a motion to dismiss, for the reason that the appeal was not taken within the time provided by the statute. Section 2808, C. O. S. 1921, provides:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered; Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript of both felony and misdemeanor cases must be filed as hereinafter directed."

In Webb v. State, 23 Okla. Cr. 249, 214 Pac. 744, 745, this court in part said:

"The appeal was not lodged in this court until 149 days after rendition of the judgment. It is apparent, therefore, that this court has never acquired jurisdiction of the appeal, and that the motion of the Attorney General to dismiss the appeal is well taken and must be sustained."

In this case it is apparent that the petition in error with case-made attached was not lodged in this court until 173 days after the rendition of the judgment.

The motion to dismiss is sustained.

CHAPPELL and EDWARDS, JJ., concur.