# FRED SWALLEY v. STATE.

No. A-8110.   Sept. 25, 1931.
Rehearing Denied Oct. 24, 1931.

(2 Pac. [2d] 281.)

Prentiss E. Rowe, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   This is a purported appeal from the county court of Pawnee county, from a judgment rendered on the 17th day of November, 1930, convicting the plaintiff in error, hereinafter for convenience referred to as the defendant, with possession of home brew, a substitute or imitation for beer, containing more than one-half of 1 per cent. alcohol measured by volume, sentencing the defendant to serve a term of 45 days in the county jail and to pay a fine of $65.

The petition in error and case-made were not filed in this court until March 16, 1931, 119 days after the rendition of the judgment in the lower court.   This being a conviction for a misdemeanor, the statute requires that the case be filed in this court within 60 days, unless a further extension of time is granted by the trial court.

An examination of the record shows that the defendant was sentenced on the 17th day of November, 1930, and was given 30 days to make and serve a case-made; that on the 13th day of December, 1930, defendant was given 10 days' additional to time heretofore granted within which to make and serve the case-made; on the 26th

day of December, 1930, the defendant was given an additional 5 days' time in which to make and serve his case-made—making the total time fixed by the court for the defendant to make and serve the case-made of 45 days.

Section 2808, C. O. S. 1921, provides:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

In Webb v. State, 23 Okla. Cr. 249, 214 Pac. 744, 745, this court in part said:

"The appeal was not lodged in this court until 149 days after rendition of the judgment. It is apparent, therefore, that this court has never acquired jurisdiction of the appeal, and that the motion of the Attorney General to dismiss the appeal is well taken and must be sustained." Jones v. State, 50 Okla. Cr. 437, 298 Pac. 1053.

In this case it is apparent that the petition in error with case-made attached was not lodged in this court until 119 days after the rendition of the judgment; therefore, this court is without jurisdiction.

The appeal is dismissed.

EDWARDS and CHAPPELL, JJ., concur.